**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0154n.06**
**Filed: February 27, 2006**

**No. 04-6218**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| EDDIE D. SMITH, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

_____

BEFORE: KENNEDY, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM.

Federal prison guard Eddie Smith was charged with one count of perjury and eight counts of sexual misconduct offenses involving female inmates at a federal medical center. The prosecution offered to drop all other charges if Smith pled guilty to perjury; in return, the prosecution offered to recommend a maximum sentence of twenty months in prison. Smith refused to consider the plea offer, forcefully maintained his innocence, went to trial, was convicted on nearly all charges, and was sentenced to 262 months in prison. Smith appealed, and this Court affirmed his convictions.

Smith filed a 28 U.S.C. § 2255 motion to vacate his sentence in the United States District Court for the Eastern District of Kentucky, claiming *inter alia* that his counsel rendered constitutionally ineffective assistance by failing to advise him to take the plea and failing to fully

advise him of the relative risks and sentencing exposure of going to trial versus accepting the plea offer. The district court denied the motion without a hearing, holding that (1) counsel's performance was not deficient, and (2) even if it had been deficient, Smith failed to show that he was prejudiced, i.e. that he would have taken the plea if he had been advised as he contends he should have been advised. Smith appealed, and we vacated and remanded for an evidentiary hearing. After the hearing, the district court denied Smith's motion again.

After reviewing the record, the parties' briefs, and the applicable law, this Court determines that a panel opinion further addressing the issues raised would serve no jurisprudential purpose. We therefore affirm the district court's decision for the reasons stated in that court's opinion.

Affirmed.